# Court of Appeals
# of the State of Georgia

ATLANTA, January 22, 2026

*The Court of Appeals hereby passes the following order:*

**A26A0934. JOSEPH CLINTON HILL, JR. v. THE GEORGIA DEPARTMENT OF HUMAN SERVICES, EX. REL., JEREMIAH HILL et al.**

The Superior Court of Toombs County entered an order finding Joseph Hill in contempt of his child support obligations. Hill then filed in the superior court a document titled "Petition for Writ of Prohibition" in which he expressed his wish for appellate relief. The superior court interpreted the filing as a notice of appeal and transmitted the record to this Court. The Georgia Department of Human Services ("the Department") has filed a motion to dismiss the appeal, arguing that we lack jurisdiction. We agree with the Department.

Appeals from judgments or orders in domestic relations cases, including orders "holding or declining to hold persons in contempt," must be made by application for discretionary review. See OCGA § 5-6-35(a)(2), (b). See also *Russo v. Manning*, 252 Ga. 155, 156 (312 SE2d 319) (1984) ("A judgment of contempt regarding a domestic relations decree is appealable only by application for discretionary appeal."). Unlike a notice of appeal, an application for discretionary review by the Court of Appeals must be filed in this Court and must comply with OCGA § 5-6-35 and Court of Appeals Rule 31. Thus, Hill's filing in the superior court cannot be construed as an application for discretionary review.

"Compliance with the discretionary appeals procedure is jurisdictional." *Hair Restoration Specialists v. State of Ga.*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021).

Hill's failure to follow the requisite discretionary appeal procedure deprives us of jurisdiction over this appeal. The Department's motion to dismiss is hereby GRANTED, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* 01/22/2026

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*